1813.

KEARNEY
v.
M'CULLOUGH

PER CURIAM. The court in *July*, being held for one day only, for the purpose of receiving returns, has not generally been considered as a meeting of business. It is true the motion might then have been made. But we think the defendant cannot be said to have been in default, in not making the motion sooner than the *December* term following.

No cause being shewn,

Attachment dissolved.

---

## PRESTON *against* ENGLERT.

*Philadelphia,*
*Saturday,*
January 9.

### IN ERROR.

An award of referees upon which no judgment is rendered, is a cause *remaining untried,* within the act of the 11th of *March* 1809, abolishing the Circuit Courts, and is duly transferred to the Common Pleas of the proper county, there to be determined.

ERROR to *Wayne* county. This action was brought against *Preston*, in the Common Pleas of *Wayne* to *February* 1806. It was removed by *habeas corpus* to the Circuit Court, and there referred. On the 3d of *February* 1808, an award was made in favour of *Englert* for 126 dollars 85 cents and costs, and filed in the office. On the 7th of *October* 1809, the cause was returned to the Common Pleas, who on motion of the plaintiff's counsel, gave judgment on the award, in *December* following.

*Ewing* for the plaintiff in error, objected to the record, that the cause ought not to have been sent down from the Circuit Court, because it did not remain *untried* on the 4th of *October* 1809, within the seventh section of the act of the 11th of *March* 1809. *Purd. Abr.* 267. It was *determined* by the omission of *Preston* to file exceptions; and it clearly had been *tried*.

*C. J. Ingersoll* contra, said that the cause had not been tried and determined in the Circuit Court; and that Court having been abolished on the 4th of *October*, it was essential to send it down for determination, or the plaintiff could never have obtained judgment. The reason why there was no judgment in the Circuit Court, was that no such court was held there after the report.

PER CURIAM. A cause was not completely tried within the spirit of that act, until judgment was pronounced. The intention of the law, was to take all unfinished causes down to the Common Pleas; and this was one.

1813.
_____
PRESTON
v.
ENGLERT.

Judgment affirmed.

END OF DECEMBER TERM, 1812.